32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel FERNANDEZ, aka Samuel F. Dominguez, Defendant-Appellant.
 No. 93-10560.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1994.
Decided July 27, 1994.
 
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges
 MEMORANDUM*
 Samuel Fernandez Dominguez appeals his jury conviction and sentence for equity skimming in violation of 12 U.S.C. Sec. 1709-2. We affirm the conviction, affirm the sentence in part, vacate it in part, and remand for re-sentencing.
 I. The Motion to Suppress
 The district court did not err when it denied the motion to suppress. A proper warrant was obtained and the police did not engage in an indiscriminate fishing expedition. Cf. United States v. Chen, 979 F.2d 714, 717-19 (9th Cir.1992). The records seized were within the warrant's authorization. See United States v. Rodriguez, 869 F.2d 479, 487 (9th Cir.1989). Moreover, Fernandez points to no California rule that prohibited the state authorities from retaining copies of those records for further investigative purposes, and federal authority suggests that retention of copies was not improper. See Ramsden v. United States, 2 F.3d 322, 327 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1624, 128 L.Ed.2d 349 (1994). Finally, copies of most, if not all, of the records were easily available from other public or private sources; and we have little doubt they inevitably would have been obtained. Nix v. Williams, 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984); Center Art Galleries-Hawaii, Inc. v. United States, 875 F.2d 747, 754 (9th Cir.1989); United States v. Boatwright, 822 F.2d 862, 864 (9th Cir.1987).
 II. The Jury Instruction
 The court gave the following jury instruction on equity skimming: "You must agree unanimously to each property for which you find the defendant engaged in equity skimming." Fernandez complains that the instruction did not require that the jury find that Fernandez engaged in equity skimming at each property listed in the indictment.
 There was nothing wrong with the instruction. Equity skimming necessarily involves a pattern of illicit activity. 12 U.S.C. Sec. 1709-2. It was not necessary for the jury to find that Fernandez unlawfully purchased all five houses for it to convict him of equity skimming. Each purchase was not an independent offense. The jury only needed to find that Fernandez's conduct with regard to more than one of the properties satisfied all of the elements of the offense. It was so instructed.
 III. The Sentence Enhancement
 Fernandez asserts that the district court erred when it increased his guideline score with an unusually vulnerable victim enhancement. See United States Sentencing Commission, Guidelines Manual, Sec. 3A1.1[1] The increase was based upon the fact that Fernandez told his victims that he was a religious man and not upon any suggestion that the victims were vulnerable due to their age or physical or mental conditions. But no seller testified that a home was transferred to Fernandez because of his allegedly religious nature and none were targeted by him because of their religions. Nor does the evidence show that the sellers were in severe financial distress. Rather, the record shows that Fernandez wanted people to trust him and referred to his religious nature in seeking that trust. The victims did trust him, and he must be punished for his abuse of the victims, but that abuse alone does not make them "unusually vulnerable."
 IV. The Restitution Order
 Fernandez also raises a number of issues regarding the district court's authority to order him to pay restitution and regarding the amount of the award. He first claims that the district court had no authority to impose a separate restitution sentence. He is correct. Restitution as a separate sentence is only available for crimes set forth in Title 18 of the United States Code and under one section of the Federal Aviation Act. See 18 U.S.C. Sec. 3663(a)(1); see also U.S.S.G. Sec. 5E1.1(a)(1). His offenses were violations of 12 U.S.C. Sec. 1709-2. Thus, the separate restitution order must be vacated.
 
 
 1
 Fernandez next claims that the district court could not make restitution a condition of supervised release. In that he is mistaken. He seems to believe that the supervised release condition only became available at the time of the adoption of the November 1, 1991 amendments to the Guidelines. He then concludes that adding the possibility of restitution at that time would violate his ex post factor rights because the criminal conduct for which he was convicted ended in December of 1990. However, it is clear that the court has had the authority to impose appropriate terms of supervised release since the time the supervised release statute became effective in 1987. See 18 U.S.C. Sec. 3583(d). It is also clear that a restitution condition has always been appropriate. See, e.g., U.S.S.G.App.C, Amend 53. A January 1988 amendment of the Guidelines first added the express provision that "restitution ... may be ordered as a condition of ... supervised release" in any case not expressly referred to in 18 U.S.C. Sec. 3663(a)(1). When it added that language, the Commission did so for the purpose of clarifying the guideline. See U.S.S.G.App. C, Amend. 53. Therefore, the restitution term was available before the completion of his offense.
 
 
 2
 Fernandez also attacks the amount of his restitution award. He asserts that he has no ability to pay restitution. Fernandez was chary about giving the district court information about his financial condition, even though that was an issue upon which he bore the burden of persuasion. See 18 U.S.C. Secs. 3664(d), 3563(b)(3); 3583(d). Nevertheless, the record does contain information related to his assets and to his ability to generate income. Not only was the district court aware of the fact that Fernandez had secured his bond with assets, but it was also aware of his past success at legal undertakings. Moreover, his impassioned statement at sentencing demonstrated his drive and entrepreneurial abilities and gave strong undergirding to the district court's determination that he will be able to pay restitution. Of course, if it turns out that he cannot do so, he can seek appropriate relief at a later time. See United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992).
 
 
 3
 Conviction AFFIRMED; Sentence VACATED in part and REMANDED for resentencing in accordance with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 All references are to the Sentencing Guidelines effective November 1, 1992, unless otherwise stated